**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4626**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL LEE WHITEHAIR,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Richard L. Voorhees, Senior District Judge.  (5:14-cr-00048-FDW-DSC-3)

Submitted:  February 26, 2019                 Decided:  March 1, 2019

Before KING, THACKER, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Frank A. Abrams, LAW OFFICE OF FRANK ABRAMS, PLLC, Arden, North Carolina, for Appellant.  R. Andrew Murray, United States Attorney, Charlotte, North Carolina, Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Lee Whitehair appeals the 24-month sentence imposed upon the revocation of his supervised release. Whitehair argues that his sentence is unreasonable because the district court had no basis for varying upward from the policy statement range. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). "We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *Id.* (internal quotation marks omitted). "To consider whether a revocation sentence is plainly unreasonable, we first must determine whether the sentence is procedurally or substantively unreasonable." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017). In doing so, we generally apply "the procedural and substantive considerations that we employ in our review of original sentences, with some necessary modifications to take into account the unique nature of supervised release revocation sentences." *Id.* (alteration and internal quotation marks omitted). Only when we conclude that the revocation sentence is procedurally or substantively unreasonable must we consider whether it is plainly so. *Id.* at 208.

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) [(2012)] factors." *Id.* at 207 (footnote omitted). "[A] revocation sentence is substantively reasonable if the court sufficiently states a proper basis for its conclusion that the

2

defendant should receive the sentence imposed." *Id.* (alterations and internal quotation marks omitted). We conclude that the district court's explanation of Whitehair's above-range sentence, discussing Whitehair's "horrible and serious record" and the need for deterrence and the protection of the public, easily satisfies this standard. Furthermore, we conclude that an upward variance of 10 months above the top of the applicable policy statement range is not unreasonable. *See, e.g.*, *United States v. Diosdado-Star*, 630 F.3d 359, 362, 367 (4th Cir. 2011).

We affirm Whitehair's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*